## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXTREMITY MEDICAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 22-cv-239-GBW |
| | ) | |
| NEXTREMITY SOLUTIONS INC., | ) | |
| ZIMMER BIOMET HOLDINGS INC., and | ) | |
| ZIMMER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION FOR ATTORNEYS' FEES AND COSTS

Dated: November 6, 2023

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Brett M. Hutton (admitted *pro hac vice*)
Nicholas Mesiti (admitted *pro hac vice*)
Heslin Rothenberg Farley & Mesiti P.C.
5 Columbia Circle
Albany, NY 12203
Tel: 518-452-5600
brett.hutton@hrfmlaw.com
nick.mesiti@hrfmlaw.com

*Attorneys for Defendants/Counter-Plaintiffs*

{H2800636.1}

# TABLE OF CONTENTS

I.      INTRODUCTON ................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGOUND ........................................2

III.    ARGUMENT ....................................................................................................3

        A.      35 U.S.C. § 285 Provides for Shifting Fees in Exceptional Cases and The
                Court Possess Inherent Authority to Address Abuse of the Judicial Process...3

        B.      Defendants Are the Prevailing Party to This Litigation Under 35 U.S.C.
                § 285.............................................................................................................8

        C.      This Case is Exceptional And Was Brought Without a Colorable Basis and in
                Bad Faith.......................................................................................................8

                1.      Defendants are Entitled To Attorneys' Fees and Expenses Incurred
                        During and Within This District Court Litigation ..............................11

                2.      Defendants Are Entitled To Attorneys' Fees and Expenses Incurred
                        During and Within the IPR Proceeding .................................................15

                3.      Defendants Are Entitled To Expenses Incurred During This
                        Litigation and the IPR Proceeding…………………………………..  17

        D.      The Attorneys' Fees and Costs Incurred by Defendants In This Action Were
                Reasonable...................................................................................................19

IV.     CONCLUSION ................................................................................................20

# TABLE OF AUTHORITIES

*Arunachalam v. International Business Machines Corporation,* 989 F.3d 988 (Fed. Cir. 2021) .12

*Blackbird Tech LLC v. Health In Motion LLC,* 944 F.3d 910 (Fed. Cir. 2019) ...........................13

*Central Soya Co. v. Geo. A. Hormel, Co.*, 723 F.2d 1573 (Fed. Cir. 1983) .......................8, 15, 17

*Chambers v. NASCO*, 501 U.S. 32 (1991) ...................................................................................18

*CRST Van Expedited, Inc. v. EEOC, 136 S.Ct. 1642 (2016)* ........................................................8

*Deep Sky Software, Inc. v. Southwest Airlines Co.*, 2015 WL 10844231
    (S.D.Cal. 2015) .....................................................................................................................16

*Dragon Intellectual Prop., LLC, v. Dish Network LLC*, 956 F.2d 1358 (Fed. Cir. 2020)...............7

*Dragon Intellectual Prop., LLC v. Dish Network LLC*, 2022-1621, 2022-1622, 2022-1777, 2022-
    1779 ........................................................................................................................................6

*Dragon Intellectual Prop., LLC v. Dish Network LLC*. C.A. Nos. 1:13-cv-02066-RGA, 1:13-cv-
    02067-RGA................................................................................................................................6

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ……………………………………………………..19

*IA Labs CA, LLC v. Nintendo Co.*, No. CIV. PJM 10-833, 2012 WL 1565296, at *4 (D. Md. May
    1, 2012), *aff'd*, 515 F.App'x 892 (Fed. Cir. 2013) ..........................................................15

*Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302 (Fed. Cir. 2013) .......................................11

*Lumen View Tech, LLC v. Findthebest.com, Inc.*, 24 F.Supp.3d 329 (SNDY 2014) ..................13

*MarcTec, LLC v. Johnson & Johnson,* 664 F.3d 907 (Fed. Cir. 2012) ................................ 7-8, 16

*Multi-Tech, Inc. v. Components, Inc.* 708 F.Supp. 615 (D. Del. 1989) ........................................13

*Murphy v. Bd. of Educ.,* 196 F.R.D. 220, 225 (W.D.N.Y. 2000) ....................................................7

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 Fed.Appx. 967
    (Fed. Cir. 2017) ......................................................................................................................13

*Nova Chemicals Corporation (Canada) v. Dow Chemical Company*, 856 F.3d 1012 (Fed. Cir.
    2017)........................................................................................................................................12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014).............. 1, 6-7, 12, 14

*Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546 (1986) ………………………….. 19

*Philips Elecs. N. Am. Comp. v. Compo Micro Tech., Inc.*, 2006 WL 3020724 (D. Del. Oct. 23, 2006) ...................................................................................................18

*Planned Parenthood of Central NJ v. Atty. General of NJ*, 297 F.3d 253 (3rd Cir. 2002) ...........19

*Power Mosfet Technologies, L.L.C. v. Siemens AG* 378 F.3d 1396 (Fed. Cir. 2004) ……….…... 8

*PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734 (Fed. Cir. 2016)...16

*PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed. Cir. 1988) ....................................................................................6-7, 15-17

*Pragmatus Telecom LLC V. Newegg Inc.*, 625 F. App'x 528 (Fed. Cir. 2015) ..............................8

*Raniere v. Microsoft*, 887 F.3d 1298 (Fed. Cir. 2018) ....................................................................8

*Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361(Fed. Cir. 2012) ..................... 5-6

*Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. 1999)..............................7

*Shum v. Intel Corp.* 629 F.3d 1360 (Fed. Cir. 2010) ……………………………………………… 8

*Small v. Implant Direct Mfg. LLC*, 2014 WL 5463621 (SDNY 2014)...........................................13

*SRI International, Inc. v. Cisco Systems, Inc.* 930 F.3d 1295 (Fed. Cir. 2019) ……..…………...19

*SSL Services, LLC v. Citrix Systems,* 769 F.3d 1073 (Fed. Cir. 2014)............................................8

*Sullivan v. Hudson*, 490 U.S. 877 (1989) ...................................................................................16

*Takeda Chemical Inds., Itd. V. Mylan Labs., Inc.*, 549 F.3d 1381 (Fed. Cir. 2008) (*citing Chambers v. NASCO*, 501 U.S. 32 (1991)*.........................................................................18

*Taurus IP, LLC v. DaimlerChrysler Corp.* 726 F.3d 1306 (Fed. Cir. 2013) ................................13

*Thermolife International LLC v. GNC Corporation* 922 F.3d 1347 (Fed. Cir. 2019) .................12

*Webb v. Bd. Of Educ. Of Dyer Cty. Tenn.*, 471 U.S. 234 (1985)....................................................16

*Yurman Designs, Inc. v. PAJ, Inc.*, 125 F.Supp.2d 54 (S.D.N.Y. 2000), *aff'd sub nom* 29 F.App'x 46 (2d Cir. 2002) ...........................................................................................19

STATUTES

35 U.S.C. § 285..................................................................................................1, 2, 5, 8

## I.  INTRODUCTION

The Patent Act provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. §285.  Section 285 is intended to compensate litigants for unnecessary attorneys' fees and expenses and deter parties from bringing frivolous lawsuits. The Court also possesses inherent authority to award fees and expenses to address the injustice done both to the Court and an opposing party by bad faith and vexatious litigation conduct.

This case is "exceptional" under Section 285 because it "stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case)."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).    In this case, Plaintiff and its counsel deliberately brought an exceptionally meritless patent infringement claim against Defendants by alleging a patent claim (i.e., claim 59 of U.S. Patent No. 8,303,589) that they knew, or willfully ignored, was invalid.  This case was also brought in bad faith to harass Defendants and extract an unreasonable settlement.

Prior to bringing this action, counsel for Nextremity Solutions, Inc. ("Nextremity") informed Plaintiff and its counsel twice, in writing, that two prior art patents clearly and convincingly invalidated claim 59.  The first time Nextremity's counsel informed Plaintiff and its counsel of the invalidating prior art was in 2018, over four years before the filing of this action. The second time was a couple of months prior to the filing of this action.  Despite being aware of these invalidating prior art patents for over four years, Plaintiff and its counsel still proceeded to file this meritless action against Defendants asserting a clearly invalid claim.

Within six weeks after filing of this action, Defendants filed a Petition for *Inter Partes* Review ("IPR") of claim 59 with the Patent Trial and Appeal Board ("Board") at the U.S. Patent and Trademark Office.  In the IPR Petition, Defendant relied on the same prior art patents identified to Plaintiff and its counsel back in 2018 and, more recently, shortly before filing of this

action.  In response to the IPR Petition, Plaintiff *did not make a single substantive argument* contesting the invalidity of claim 59 based on those same prior art patents[1], effectively admitting that claim 59 was invalid in view of the previously identified prior art.  This lack of any challenge to Defendants' invalidity position was explicitly acknowledged and recognized by the Board in its Final Written Decision.  As a result, the Board found that claim 59 was invalid based on the previously identified prior art patents.

In view of the complete lack of any good faith argument that claim 59 was not invalid, Plaintiff should be found to have advanced an "exceptionally meritless" claim against Defendants in bringing this action.  This is the type of case where both §285 and the Court's inherent authority should be exercised to remedy Plaintiff's assertion of a knowingly meritless patent infringement claim and attempt to extract, in bad faith, an unreasonable settlement payment after filing.  Accordingly, Defendants respectfully seek their attorneys' fees and expenses that were incurred (1) during the district court litigation both before and after the stay and up to dismissal of this action and (2) during the IPR Proceeding.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Complaint in this action was filed on February 25, 2022.  D.I. 1.  The Complaint asserts a single claim of patent infringement based on claim 59 of U.S. Patent No. 8,303,589 ("the '589 Patent").  Id. at ¶¶19-29.  In response, Defendants asserted an affirmative defense and counterclaim alleging that claim 59 was invalid.  D.I. 12, ¶¶32, Counterclaim ¶¶8-11.

Prior to the filing of the Complaint, Plaintiff, through counsel, sent Nextremity a cease-and-desist letter dated November 23, 2021 asserting infringement of claim 59.  Declaration of

---

[1] Instead, Plaintiff attempted to assert a U.S. Patent and Tradmark Office procedural objection to the IPR Petition, which was rejected by the Board in the Final Written Decision.  Hutton Decl. Exh. J, pp. 8-10.

Brett Hutton, Esq., ("Hutton Decl."), ¶6, Exh. B.  Nextremity's counsel responded on January 7,

2022, stating that specific prior art, including U.S. Patent Nos. 4,622,959 ("Marcus") and

6,579,293 ("Chandran"), that rendered claim 59 invalid.  Hutton Decl. ¶7, Exh. C.

 Both Marcus and Chandran were previously disclosed as invalidating prior art to Plaintiff

and its counsel by Nextremity's counsel over four years before the filing of this action.  Hutton

Decl. ¶8.  Nextremity's counsel previously represented another party accused by Plaintiff of

infringing claim 59.  Id.  In response, Nextremity's counsel informed Plaintiff and its counsel of

both Marcus and Chandran as prior art that invalidated claim 59.  Id. at ¶8, Exh. E.  Thus,

Plaintiff was twice informed that claim 59 was invalid over Marcus and Chandran, but chose to

file this action anyway.

 After filing this action, Plaintiff's counsel approached Defendants' counsel with a

settlement proposal. Hutton Dec. ¶18.  However, the offer received from Plaintiff was

unreasonable and exploitative, especially in view of the invalidating prior art.  Specifically,

Plaintiff demanded a half a million dollars ($500,000) payment and an on-going royalty of four

percent to settle. [2]  Id.  Clearly, the filing of the Complaint was a ploy by Plaintiff as an attempt

to extract an unreasonable and exorbitant amount of money and an on-going license from

Defendants based on a frivolous patent infringement claim.

 On April 5, 2022, a little over a month after Plaintiff filed this action, Defendants filed a

Petition for *Inter Partes* Review of claim 59 ("IPR Petition") with the Board at the United States

Patent and Trademark Office ("IPR Proceeding").  Hutton Decl. ¶9, Exh. F.  In the IPR Petition,

Defendants relied on both Marcus and Chandran to render claim 59 invalid by anticipation.  On

---

[2] Defendants are not offering any settlement offers or discussions for the purpose of liability, but
only to show bad faith and improper motivation in bringing this litigation against Defendants in
support of this motion.

August 16, 2022, the Board issued a Decision Granting Institution of *Inter Partes* Review ("Decision") finding that Defendants met their "institution burden and demonstrated to a reasonable likelihood that it will prevail in showing that claim 59 was anticipated by" both Marcus and Chandran.  Hutton Decl., Exh. G.

As a result of the Decision, the parties jointly filed a stipulation to stay this litigation pending the outcome of the IPR Proceeding.  D.I. 30.  In the stipulation, the parties clearly intended that the IPR Proceeding would resolve the invalidity issues, and thus replace this litigation.  See D.I. 30, ¶6.  Based on the parties' stipulation to stay the litigation, the District Court agreed and granted the stay request on September 7, 2022.

In response to the IPR Petition, Plaintiff failed to submit a single substantive argument to support the validity of claim 59 in view of either Marcus or Chandran.    In the Final Written Decision, the Board recognized that Plaintiff did not "identify any error in [Defendants'] . . . arguments" or provide any "specific arguments challenging [Defendants'] position regarding the patentability of the challenged claim" in view of both Marcus and Chandran.  Hutton Decl., Exh. J, p. 26, 32.  Instead, Plaintiff twice chose to attempt to amend claim 59 during the IPR Proceeding to cure its invalidity over Marcus and Chandran.  The first attempt to amend claim 59 was not received favorably by the Board.  In response to its first amendment, the Board issued negative preliminary guidance based on Defendants opposition relying on, among other things, Marcus and Chandran.  Hutton Decl., Exh. I, pp. 8-10.  The second attempt to amend claim 59 was also vigorously opposed by Defendants and determined by the Board to be unpatentable based on, among other things, Marcus and Chandran.  Hutton Decl., Exh. J, pp. 60-62.

Plaintiff's settlement offer did not decrease even after the IPR Petition was filed or after the negative preliminary guidance provided by the Board in response to Plaintiff's first motion to

amend.  Hutton Decl. ¶19.  In fact, Plaintiff <u>increased</u> its offer to $500,000 and a six percent royalty.  Id. This inexplicable increase in its settlement offer after receiving negative preliminary guidance and providing no substantive argument that claim 59 was valid shows Defendant's bad faith and baseless claim.

As a result of the IPR Petition, the Board found that claim 59 was invalid as being anticipated by both Marcus and Chandran.  Hutton Decl., Exh. J, p. 26-32, 32-37.  The Board determined that each and every claim element of claim 59 was explicitly found in both Marcus and Chandran.  Id.  The time for Plaintiff to appeal the Final Written Decision to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") was September 27, 2023.  Plaintiff did not timely submit a Notice of Appeal.  Therefore, claim 59 has been finally adjudicated as invalid.

With claim 59 held invalid, there are no remaining causes of action pending in this litigation.  The Court dismissed this action with prejudice on October 23, 2023.  As a result, Defendants are the prevailing parties to the litigation and entitled to attorneys' fees and expenses pursuant to 35 U.S.C. §285 and the Court's inherent authority based on the facts and legal precedent set forth herein.

## III.    ARGUMENT

### A.    35 U.S.C. § 285 Provides for Shifting Fees in Exceptional Cases and The Court Possess Inherent Authority to Address Abuse of the Judicial Process

Under the fee-shifting provision applicable to patent cases, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  Section 285 was enacted by Congress to "deter the improper bringing of clearly unwarranted suits" and compensate "the prevailing party for its monetary outlays in the prosecution or defense of the suit."  *See Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1372-73 (Fed. Cir. 2012) (internal quotation marks omitted).  In *Octane Fitness*, the Supreme Court clarified the

standard for evaluating whether a case is exceptional.  An exceptional case warranting attorneys' fees is "simply one that stands out from others with respect to the ***substantive strength*** of a party's litigating position (considering both the governing law and the facts of the case) ***or*** the ***unreasonable manner*** in which the case was litigated." *Octane Fitness*, 572 U.S. at 554 (emphasis added).   Courts are to "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*  The Supreme Court explicitly rejected the strict standard that had been previously employed by the Federal Circuit, which required showing both subjective bad faith and objective baselessness. *Id.* at 554-55.  The Supreme Court also relaxed the burden for demonstrating entitlement to fees, requiring that it be shown only by a preponderance of the evidence.  *Id*. at 557-58.

The Federal Circuit has also held that a prevailing party is entitled to attorneys' fees incurred in successfully litigating a patent's validity before the U.S. Patent and Trademark Office when the "proceedings substituted for the district court litigation." *See PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988).  Therefore, attorneys' fees relating to a Patent Office proceeding are recoverable under Section 285.   The Federal Circuit is currently considering a case involving whether attorneys' fees incurred in an *Inter Partes* Review proceeding are recoverable under Section 285 in the case *Dragon Intellectual Prop., LLC v. Dish Network LLC*, 2022-1621, 2022-1622, 2022-1777, 2022-1779 appealed from this Court's decision in C.A. Nos. 13-cv-02066-RGA, 13-cv-02067-RGA.  As of the filing of this motion, the *Dragon* appeal is still pending awaiting oral argument, but should decide a district-court split on the availability of IPR fees under Section 285 and resolve the previously relied upon and non-binding dictum from the Federal Circuit in *Dragon Intellectual Prop., LLC, v. Dish Network LLC*, 956 F.2d 1358, 1362 (Fed. Cir. 2020).  Thus,

this Court may wish to reserve a decision on this motion on the issue of awarding attorneys' fees under §285 incurred by a prevailing party in an IPR Proceeding filed during a litigation until after *Dragon* is decided by the Federal Circuit.  However, notwithstanding Section 285, this Court, as explained herein, possesses an inherent authority to award fees equivalent to the cost of an *inter partes* proceeding before the U.S. Patent and Trademark Office.  *Octane Fitness*, 572 U.S. at 557; *Arunachalam v. Int'l Bus. Machs. Corp.* 989 F.3d 988, 996-97 (Fed. Cir. 2021).

In addition to the statutory attorneys' fees provisions of Section 285, the Court possesses inherent equitable power to award attorney fees. *Octane Fitness*, 572 U.S. at 557. ("We have long recognized a common-law exception to the general 'American rule' against fee-shifting–an exception, 'inherent' in the 'power [of] the courts' that applies . . . 'when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . .''".). "When imposing sanctions pursuant to its inherent powers, the district court must find that the conduct in question was 'without a colorable basis' and undertaken in bad faith, i.e., 'motivated by improper purposes such as harassment or delay.'" *Murphy v. Bd. of Educ.*, 196 F.R.D. 220, 225 (W.D.N.Y. 2000) (quoting *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).  Thus, an award of attorneys' fees incurred by a prevailing party in an IPR proceeding related to a litigation are warranted pursuant to the Court's inherent powers in instances of bad faith by the opposing party.  And, an award of costs and expenses under the Court's inherent authority may also be justified where the results of bad faith litigation conduct are not adequately addressed by an award of attorneys' fees alone - such as where a party was required to incur expert witness expenses not compensable under Section 285.  *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921-22 (Fed. Cir. 2012) (affirming expert fee award under the court's

inherent authority where "vexatious conduct and bad faith increased the cost of litigation in ways that are not compensated under § 285"); *Central Soya Co. v. Geo. A. Hormel, Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (affirming an award of expenses within the scope of Section 285 - "[w]e interpret attorney fees [under 35 U.S.C. §285] to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit").

**B.    Defendants Are the Prevailing Party to this Litigation Under 35 U.S.C. §285**

Defendants are the prevailing parties to this litigation.  To be a prevailing party, Federal Circuit law requires that a party (1) "'received at least some relief on the merits,' and (2) '[t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the [party].'" *SSL Services, LLC v. Citrix Systems*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) (quoting *Shum v. Intel Corp.* 629 F.3d 1360, 1367 (Fed. Cir. 2010).  For defendants, the relevant inquiry "is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision…effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Raniere v. Microsoft Corp.,* 887 F.3d 1298, 1306 (Fed. Cir. 2018) (*citing CRST Van Expedited, Inc. v. EEOC*, 136 S.Ct. 1642, 1651 (2016)). This action was dismissed with prejudice on October 23, 2023.  "'The dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit.'"  *Pragmatus Telecom LLC V. Newegg Inc.*, 625 F. App'x 528, 529 (Fed. Cir. 2015) (quoting *Power Mosfet Technologies, L.L.C. v. Siemens AG* 378 F.3d 1396, 1416 (Fed. Cir. 2004)).  Therefore, based on the dismissal with prejudice of Plaintiff's patent infringement claim in this case, Defendants are considered the prevailing party to this action.

**C.    This Case is Exceptional and Was Brought Without a Colorable Basis and in Bad Faith**

This case is "exceptional" under 35 U.S.C. §285 because it stands out with respect to the

parties' substantive strength of their litigation positions. Specifically, Plaintiff's litigation position with respect to the validity of claim 59 was so weak that it failed to make a single substantive argument that claim 59 was not invalid in view of either Marcus or Chandran during the IPR Proceeding. Moreover, Plaintiff's claim asserted in this action was "without a colorable basis", "undertaken in bad faith" and "motivated by improper purposes." Plaintiff's filing of this action was motivated by an improper attempt to extract an unreasonable and exploitative settlement after initiating this action for a claim that was invalid over the prior art previously disclosed to Plaintiff at least four years before filing.

During the IPR Proceeding, Defendants invalidated claim 59 based on both Marcus and Chandran. Plaintiff never substantively contested the IPR Petition, which established that both Marcus and Chandran anticipated claim 59. In fact, with respect to the invalidity of claim 59, Plaintiff never submitted any substantive arguments or expert testimony whatsoever in response to the IPR Petition. Hutton Decl., Exh. J, p. 26, 32. For example, Plaintiff never tried to explain or point to any feature in claim 59 that was not disclosed in either Marcus or Chandran, never offered any claim construction position that could raise any issue regarding anticipation of claim 59 by Marcus or Chandran, and offered no expert testimony to contest the expert testimony of Defendants' expert that claim 59 was anticipated by Marcus and Chandran. In fact, the Board recognized in its Final Written Decision that Plaintiff did not provide any "specific arguments challenging [Defendants'] position regarding the patentability of the challenged claim" in view of both Marcus and Chandran. Hutton Decl. Exh. J, p. 26, 32. Despite filing this action, Plaintiff simply conceded during the IPR Proceeding that claim 59 was invalid in view of both Marcus and Chandran.

Plaintiff's complete failure to offer a single substantive or good faith argument to support

the validity of claim 59 in opposition to the IPR Petition in view of either Marcus or Chandran unequivocally emphasizes the substantive weakness of its infringement claim against Defendants (and the substantive strength of Defendants' invalidity defense and counterclaim) in the first place. Thus, Plaintiff's litigation position in this case was both weak, as required by §285, and without a colorable basis, as required by this Court to award fees based on its inherent authority.

Plaintiff's case was also undertaken in bad faith and motivated by improper means. Plaintiff and its counsel knew about Marcus and Chandran prior to filing this action. Moreover, Plaintiff and its counsel knew that Defendants would rely on both prior art patents to invalidate claim 59. Hutton Decl., ¶¶7-8 Exhs. C, E. Despite this knowledge, Plaintiff and its counsel filed this litigation - no doubt looking for a quick pay day resulting from an unreasonable and exploitative settlement with Defendants. Hutton Decl. ¶18. As a result, Defendants were forced to spend a considerable amount of money on attorneys' fees and expenses (e.g., IPR fees, expert testimony fees) in defending against a claim which was objectively invalid and that Plaintiff and its counsel knew was invalid, and/or that they willfully ignored. Moreover, even after receiving negative guidance from the Board on its attempt to amend its claim during the IPR Proceeding, Plaintiff increased, not decreased, its settlement offer. Id. at ¶19. Therefore, Plaintiff acted both in bad faith and was motivated by improper means.

Plaintiff's meritless litigation has imposed substantial costs on Defendants. Defendants have already paid attorneys' fees and costs incurred in connection with this action that exceed $400,000. Despite being informed twice in writing four years apart that the asserted claim 59 was invalid by specific prior art (i.e., Marcus and Chandran) before initiation of this litigation (Hutton Decl. ¶¶7-8, Exh. C, E), Plaintiff and its counsel intentionally filed this meritless action asserting a frivolous patent infringement claim that they knew was invalid. Instead, Plaintiff was

seeking a quick windfall through settlement shortly after the Complaint was filed.  Hutton Decl.

¶18.  When the time came to support the validity of the asserted claim, Plaintiff and its counsel

failed to, and could not, offer a single substantive argument against anticipation based on Marcus

and Chandran.  Hutton Decl., Exh. J, p. 26, 32.  And, Plaintiff proceeded to file its frivolous

patent infringement claim against Defendants after being explicitly informed **twice** in writing

that Defendants' counsel intended to institute an IPR to challenge the validity of the '589 Patent,

if Plaintiff filed a litigation.  Hutton Decl., Exhs. C, E.

By this motion, Defendants seek their attorneys' fees and costs incurred (1) before and

after the stay in this litigation up to the dismissal, and (2) during the IPR Proceeding.

Defendants' request for attorneys' fees and costs is consistent with the purpose of Section 285

"to compensate a defendant for attorneys' fees it should not have been forced to incur."  *Kilopass*

*Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed.Cir. 2013).  As set forth below,

Defendants state the amount sought under Federal Rule of Civil Procedure 54(d)(2)(B)(ii) that,

based on invoices paid, its attorneys' fees and costs total $403,009.  Defendants will supplement

the record with a more detailed accounting of these fees and expenses as requested by the Court.

Thus, Defendants are entitled to an award of attorney fees and expenses incurred

throughout this dispute pursuant to Section 285 and the Court's inherent authority.   Defendants

are entitled to fees and expenses incurred during and within the litigation, as well as fees and

expenses incurred during the IPR Proceeding.

### 1.   Defendants Are Entitled To Attorneys' Fees Incurred During and Within This District Court Litigation

The attorneys' fees incurred by Defendants in this litigation amount to $52,573.  Hutton

Decl. ¶¶22-25, Exhs. L-M.  This entire amount should be awarded to Defendants in this

exceptional and unwarranted litigation pursuant to Section 285 and the Court's inherent power. *Octane Fitness*, 572 U.S. at 554-557; *Arunachalam* 989 F.3d at 996-97.

The Federal Circuit, relying on the Supreme Court's decision in *Octane Fitness*, has made clear that "[t]he substantive strength of a party's litigating position can–i.e., whether it is objectively baseless–independently support an exceptional-case determination." *Nova Chemicals Corporation (Canada) v. Dow Chemical Company*, 856 F.3d 1012, 1017 (Fed. Cir. 2017). Here, there is no question that Plaintiff's litigating position was objectiveless baseless.  Plaintiff provided no substantive argument that its claim was valid over prior art that it had been provided four years prior to filing this action.  Hutton Decl., Exh. J, p. 26, 32.  There are simply no facts which Plaintiff can point to in support of its contentions that its complaint had merit. This case is, thus, exceptional based on Plaintiffs objectively baseless litigating position.

Further, Plaintiff cannot claim in response to this motion that it was not aware, did not appreciate or "forgot" about Marcus or Chandran. Plaintiff had an obligation to conduct an adequate pre-filing investigation to determine whether an infringement action could reasonably be brought. *See Thermolife International LLC v. GNC Corporation* 922 F.3d 1347, 1350 (Fed. Cir. 2019) (affirming district court decision which relied on conclusion that plaintiffs were unjustified in alleging infringement, having failed to do an adequate pre-filing investigation); *see also Kilopass* 738 F.3d at 1311 ("Factors such as the failure to conduct an adequate pre-suit investigation . . . or an oppressive purpose are factors which can be indicative of bad faith"). Merely bringing an unjustified lawsuit alleging infringement without performing an adequate pre-filing investigation is, therefore, enough to warrant an award of attorney fees under Section 285. *Id.* "[C]ourts are more likely to award fees where a party knew or willfully ignored evidence of his claims' meritlessness, where such meritlessness could have been discovered by basic pre-

trial investigation, or where such meritlessness is made clear to the court early in the litigation." *Small v. Implant Direct Mfg. LLC*, 2014 WL 5463621 at *3 (SDNY 2014), *citing Lumen View Tech, LLC v. Findthebest.com, Inc.*, 24 F.Supp.3d 329, 336 (SNDY 2014) (awarding fees after granting judgment on the pleadings because basic pre-suit investigation would have revealed defendant's noninfringement).

Here, Plaintiff's conduct is especially egregious, as Defendants provided Plaintiff with multiple references, each of which independently invalidated the asserted claim, twice during the four years preceding the filing of the instant action.[3]  Hutton Decl. ¶¶7-8, Exhs. C, E; *Multi-Tech, Inc. v. Components, Inc.* 708 F.Supp. 615, 622 (D. Del. 1989) (supporting an award of attorneys' fees where defendant put plaintiff on notice of the weakness of its position though numerous contacts with the plaintiff's counsel asking him to drop the case and explaining reasons for considering the case to be baseless); *see also Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 Fed.Appx. 967, 973 (Fed. Cir. 2017) (affirming award of attorney fees where a party was "on notice" of its potentially frivolous litigating position based on information provided by the opposing party, yet took no action to remedy its position). This is a case in which "the exercise of even a modicum of due diligence by [Plaintiff], as part of a pre-suit investigation, would have revealed the weakness in its litigating position." *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 916 (Fed. Cir. 2019) (upholding award of attorney's fees where plaintiff failed to conduct pre-filing investigation).  Defendants are, thus, entitled to attorneys' fees incurred during this district court litigation because Plaintiff and its counsel asserted a patent infringement claim against Defendants based on a patent claim they

---

[3] The attorneys' fees incurred by Defendants prior to the filing of this litigation in the amount of $6,678.  Hutton Decl. ¶20-21, Exh. K.  Defendants also request that this entire amount should be awarded to Defendants under the Court's inherent authority.  *Octane Fitness*, 572 U.S. at 557.

knew or should have known, at least four years prior to filing the Complaint in this action, was invalid.

Plaintiff also had an obligation to continually assess its position as a safeguard to prevent the filing or continued litigation of invalid claims. *See Taurus IP, LLC v. DaimlerChrysler Corp.* 726 F.3d 1306, 1328 (Fed. Cir. 2013) ("[A] party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims").  Here, Plaintiff had numerous opportunities (e.g., when first being aware of the invalidating prior art in 2018 and again in 2021 prior to filing the instant action, and at multiple points during this action) to recognize the objectively baseless foundation for its lawsuit, and repeatedly failed to assess its position. Even after the filing of this action, Plaintiff failed to remedy its position and put forth no substantive arguments in support of the validity of the asserted claim. Hutton Decl., Exh. J, p. 26, 32.  Plaintiff, by continuing to assert the same baseless claims, failed to meet its obligations with respect to continually assessing the strength of its litigating position.  As noted above, Plaintiff actually *increased* the amount it demanded for settlement during the instant action (Hutton Decl. ¶19) despite the timeline showing it was increasingly apparent their position was fatally flawed, demonstrating that it had not seriously assessed the strength of its position during the litigation. This failure on Plaintiff's part caused Defendants undue harm in having to defend themselves, and further supports an award of attorneys' fees.

Plaintiff's complete failure to offer a single substantive or good faith argument to support the validity of claim 59 in view of either Marcus or Chandran clearly establishes the substantial weakness of its infringement claim against Defendants.  Based on this knowingly or willful ignorance by Plaintiff and its counsel, this case is "exceptional." It stands out from other cases with respect to the substantive strength of Defendant's invalidity defense, and the

unreasonable manner in which Plaintiff and its counsel filed the litigation in order to extract an unreasonable and exploitative settlement. *Octane Fitness*, 572 U.S. at 554.

Therefore, Defendants should be awarded in the amount of $52,573 for attorneys' fees incurred during this litigation.

### 2. Defendants Are Entitled To Attorneys' Fees Incurred During and Within the IPR Proceeding

The attorneys' fees incurred by Defendants in the IPR Proceeding total $221,198. Hutton Decl. ¶¶26-29, Exhs. N-P. This entire amount should be awarded to Defendants both under 35 U.S.C. §285 and/or under this Court's inherent authority. The Federal Circuit has, in the past, awarded attorneys' fees under §285 incurred in successfully litigating the invalidity of a patent during an *inter partes* proceeding before the U.S. Patent and Trademark Office. *See IA Labs CA, LLC v. Nintendo Co.*, No. CIV. PJM 10-833, 2012 WL 1565296, at *4 (D.Md. May 1, 2012), aff'd, 515 F.App'x 892 (Fed. Cir. 2013) (awarding fees under §285 that were incurred in reexamination proceeding) (*citing Cent. Soya*, 723 F.2d at 1578); *PPG Indus.,* 840 F.2d 1565 (awarded reissue fees under §285).

In this case, "the parties and the district court clearly intended to replace the district court litigation with the [*inter partes*] proceedings." *PPG Indus.*, 840 F.2d at 1568. The IPR Proceeding was not voluntarily undertook by Defendants, but rather was filed defensively only <u>after</u> Plaintiff filed this district court action.[4] During this action, Plaintiff and Defendants stipulated to a stay of this litigation in favor of a determination of invalidity of the "lone patent claim" before the Board during the IPR Proceeding. D.I. 30. In support of the stay, the parties

---

[4] The initiation of the IPR Proceeding also should not have come as a surprise to Plaintiff. In the response letters dated February 7, 2018 and January 7, 2022, Defendants' counsel explicitly warned Plaintiff that "an inter partes review to challenge the validity of the '589 Patent" would be instituted. Hutton Decl. Exhs. C, E.

told the Court that the clear intention was to replace the district court litigation with the IPR

Proceeding on the issue of invalidity:

> "6.      The pending IPR is likely to simplify the issues in this case by
> determining the validity of the lone patent claim asserted in this proceeding."

D.I. 30, ¶6.  The Court agreed and granted the stay on September 7, 2022.  See Oral Order re:

D.I. 30, dated 9/7/2022.

Also, Defendants performed "precisely the same type of work [they] would have

performed had the case proceeded to trial."  Hutton Decl. ¶10 *PPG Indus.*, 840 F.2d at 1568.  In

this case, Defendants asserted both an affirmative defense and a counterclaim directed to the

invalidity of claim 59 of the '589 Patent.  D.I. 12, ¶32, Counterclaim ¶¶8-11.  The time and costs

incurred in the IPR Proceeding were directly "equivalent" to the time that would have been spent

in the litigation.  *Webb v. Bd. Of Educ. Of Dyer Cty. Tenn.*, 471 U.S. 234, 243 n. 19 (1985).  The

entire work conducted by Defendants' counsel (and its expert during the IPR Proceeding) was a

substitute for, and directly related to, the counterclaim and defense of invalidity asserted in this

litigation.  Hutton Decl. ¶¶10-11; *PPG Indus.*, 840 F.2d at 1569 (finding "the entire work

product was necessary to the case" under *Webb*); *Deep Sky Software, Inc. v. Southwest Airlines

Co.*, 2015 WL 10844231 at *2 (S.D.Cal. 2015) (where there was a stay of the related district

court case, such that the PTO proceedings "essentially substituted for work which would have

been done before [the federal district court]").  The IPR Proceeding is "intimately tied to the

resolution of the judicial action".  *See Sullivan v. Hudson*, 490 U.S. 877, 888 (1989); *PPC

Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 741 (Fed. Cir. 2016)

("Congress intended these [AIA] programs to provide 'quick and cost-effective alternatives' to

litigation in the courts") (citing legislative history).  Plaintiff and Defendants both participated in

the IPR, and had the opportunity to present their positions on the issue of invalidity of the only

asserted patent claim in the district court litigation, and thus obviated the need for a trial.  *PPG Indus.*, 840 F.2d at 1568. Moreover, the overall cost of the IPR Proceeding incurred by Defendants was well below the average cost of an IPR Proceeding, and significantly below the cost of a patent infringement action in a litigation.  Hutton Decl. ¶10, 26.

Therefore, Defendants are entitled to an award of their attorneys' fees of $221,198 incurred during the IPR Proceeding based on the substantive strength of Defendants' case and the bad faith manner in which this case was pursued.

### 3. Defendants Are Entitled To Expenses Incurred During This Litigation and the IPR Proceeding

The Court should also award Defendants for their non-attorney expenses incurred during the litigation and IPR Proceeding under Section 285 and/or the Court's inherent authority. The substantive strength of Defendants' case and the bad faith manner in which the case was filed, namely, to extract an unreasonable settlement, which even increased over time despite Plaintiff not making a single substantive argument in support of validity of claim 59, warrants an award of expenses in full.  The Federal Circuit has set forth in furtherance of the "purpose of §285…to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit…[the] attorney fees [] include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Cent. Soya*, 723 F.2d at 1578. Reimbursement of such expenses, which include "those related to travel, food, lodging, telephone, mail photocopying, facsimile, courier, filing fees, deposition transcripts, subpoena services, and other related services" may be "awarded where they are "reasonable, necessary to the prosecution of the litigation, and adequately documented." *Philips Elecs. N. Am. Comp. v. Compo Micro Tech, Inc.*, No. CIVA 02-123 KAJ, 2006 WL 3020724, at *6 (D. Del. Oct. 23, 2006).  During the IPR Proceeding, Defendants' expenses amount to $53,712.86, which, as the

supporting documentation reflects, include IPR filing and initiation fees, deposition transcript costs, and travel and lodging for out of town depositions.  Hutton Decl. ¶27, Exh. O [see O1, O4, 07, 08, O9, 011]).  All of these expenses were reasonable and necessary to invalidate claim 59. During the litigation, Defendants incurred $49.70 in expenses relating to Express Mail charges. Hutton Decl. ¶23. Exh. L [L4].

Defendants also incurred expert witness fees and expenses in the amount of $68,750 during the IPR Proceeding.  This entire amount should also be awarded pursuant to the Court's inherent authority. *Takeda Chemical Inds., Ltd. V. Mylan Labs., Inc.*, 549 F.3d 1381, 1390-91 (Fed. Cir. 2008) (*citing Chambers v. NASCO*, 501 U.S. 32, 50 (1991) ("[A] district court may invoke its inherent power to impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute . . . in cases involving bad faith that cannot be otherwise reached by rules or statutes.").  The use of an expert witness during the IPR Proceeding was necessary and relied upon heavily by the Board in invalidating claim 59. A district court may, in the exercise of discretion and inherent equity power and inherent authority, in a proper case, award reasonable expert witness fees, which are not otherwise compensable under Section 285.  *Id.*

This is the type of case where IPR fees and costs should be awarded.  Not awarding IPR fees and costs in this type of case will likely result in a situation where Defendants, who are faced with an objectively frivolous patent infringement action based upon a claim which is invalid over the prior art, will decide not to institute an IPR proceeding because its IPR fees will not be awarded.  This will likely result in courts and Defendants being required to expend additional resources on such cases to adjudicate the invalidity of a claim, rather than relying upon an IPR.

Since the IPR Proceeding supplanted the litigation through stay and estoppel, Defendants

are entitled to recover of their attorneys' fees and expenses incurred by Defendants in connection with the IPR Proceeding both under §285 and/or this Court's inherent authority.

### D.   The Attorneys' Fees and Costs Incurred by Defendants In This Action Were Reasonable

Under the Lodestar inquiry, the Court must also determine the reasonability of the time spent defending the matter.  To do this, courts assess whether the work performed was "'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Planned Parenthood of Central NJ v. Atty. General of NJ*, 297 F.3d 253, 266 (3rd Cir. 2002) (quoting *Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546, 561 (1986)).  Here, a review of the time spent expended by Defendants' attorneys demonstrates the hours spent were reasonable for each particular purpose and none of the hours should be excluded as "excessive, redundant, or otherwise unnecessary." *SRI International, Inc. v. Cisco Systems, Inc.* 930 F.3d 1295, 1311 (Fed. Cir. 2019) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The monthly bills were carefully reviewed by a billing partner, and none of the invoices were disputed by Defendants.  Hutton Decl. ¶¶21, 30.

Also, the attorneys' fees and expenses incurred by Defendants for both the district court litigation and the IPR Proceeding are both reasonable and below the national averages according to the American Intellectual Property Law Association ("AIPLA") 2021 Report of the Economic Survey.  Hutton Decl. ¶4, Exh. A; *Yurman Designs, Inc. v. PAJ, Inc.*, 125 F.Supp.2d 54, 56 (S.D.N.Y. 2000), *aff'd sub nom* 29 F.App'x 46 (2d Cir. 2002) (using AIPLA rates to determine reasonable attorney's fees in intellectual property cases).  And, the overall cost, including attorneys' fees, of both this action and IPR Proceeding are well below the average cost of these proceedings based on the same report.  Hutton Decl. ¶¶10, 26.  Finally, the expert fees incurred by Defendants were reasonable in view of the scope of this litigation.  Id at ¶¶28-29, Exh. N.

## IV.     CONCLUSION

In light of Plaintiff's bad faith pursuit of its substantively weak claim in this patent infringement action, Defendants respectfully request that the Court find this case exceptional under 35 U.S.C. §285, awarding Defendants' attorneys' fees and expenses incurred, during this district court action and during the IPR Proceeding in the amount of $403,009.36, which includes attorneys' fees and costs of $52,670.50 during the litigation and attorneys' fees, costs and expert witness fees of $343,660.86 during the IPR Proceeding.  To the extent that Section 285 does not cover an award of attorney fees, expenses and expert witness costs during an IPR proceeding, Defendants respectfully request that the Court invoke its inherent authority to award such fees and costs incurred during the IPR Proceeding in the amount of $343,660.86.

Dated: November 6, 2023                          Respectfully submitted,

                                                 FARNAN LLP

                                                 /s/ Michael J. Farnan
                                                 Brian E. Farnan (Bar No. 4089)
                                                 Michael J. Farnan (Bar No. 5165)
                                                 919 North Market Street, 12th Floor
                                                 Wilmington, DE 19801
                                                 Tel: (302) 777-0300
                                                 bfarnan@farnanlaw.com
                                                 mfarnan@farnanlaw.com

                                                 Brett M. Hutton (admitted *pro hac vice*)
                                                 Nicholas Mesiti (admitted *pro hac vice*)
                                                 Heslin Rothenberg Farley & Mesiti P.C.
                                                 5 Columbia Circle
                                                 Albany, NY 12203
                                                 Tel: 518-452-5600
                                                 brett.hutton@hrfmlaw.com
                                                 nick.mesiti@hrfmlaw.com

                                                 *Attorneys for Defendants/Counter-Plaintiffs*