IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXTREMITY MEDICAL LLC, )<br> )<br>   Plaintiff, )<br> )<br> v. )<br> )<br>NEXTREMITY SOLUTIONS INC., )<br>ZIMMER BIOMET HOLDINGS INC., and )<br>ZIMMER, INC., )<br> )<br>   Defendants. ) | C.A. No. 22-cv-239-GBW |

## DECLARATION OF BRETT HUTTON

I, Brett Hutton, declare and state as follows:

1. I am an attorney licensed to practice in the State of New York with over 24 years of legal experience. I am a shareholder of the law firm of Heslin Rothenberg Farley & Mesiti P.C. at 5 Columbia Circle, Albany, New York 12203. I make this declaration in support of Defendants and their request for attorneys' fees and costs in this matter.

2. I have personal knowledge concerning the amount and type of attorneys' fees and costs charged by our firm, our local counsel firm, Farnan, LLP, and the expert witness, to Defendants from prior to the inception of this action to the present, including during the *Inter Partes* Review before the Patent Trial and Appeal Board ("Board") at the United States Patent and Trademark Office ("IPR Proceeding") involving the sole patent claim asserted in this action.

**I. Defendants Attorneys And Their Reasonable Rates**

3. I have been involved in this case since its inception, along with my partner, Nicholas Mesiti, and, from time to time when needed, my partner Victor Cardona and associates Kris Ziegler, Thomas Sica, Christina Brule, and Jake Goldsmith. Nicholas Mesiti has 34 years of legal experience, Victor Cardona has over 22 years of legal experience, Kris Ziegler has over 14

{H2781770.1}           1

years of legal experience, Thomas Sica has over 6 years of legal experience, Christina Brule has over 2 years of legal experience, and Jake Goldsmith has over a year of legal experience.

    4.    This case involved one claim of patent infringement of claim 59 of U.S. Patent No. 8,303,589 ("the '589 Patent"), which is a specific area of Intellectual Property ("IP") law.  In this regards, all the attorneys at my firm practice exclusively IP law.  Through the pendency of this matter, my time was billed at $495-500 per hour and Mr. Cardona's time was billed at $450 per hour.  These rates are well below the average $532 billable rate for IP Private Firm Equity Partners with between 15 and 24 years of experience pursuant to the 2021 AIPLA Report of the Economic Survey ("2021 AIPLA Report"), p. I-37.  Mr. Mesiti's time was billed at $580 per hour.  This rate is at the average $577 per hour billable rate for IP Private Firm Equity Partners with between 25 and 34 years of experience pursuant to the 2021 AIPLA Report, p. I-37.  Mr. Ziegler's time was billed at $330-350 per hour.  This rate is also well below the average $490 per billable hour for IP Private Firm Partner-Track Attorneys with 14 years of experience pursuant to the 2021 AIPLA Report, p. I-49. Mr. Sica's time was billed at $205-215 per hour.  This rate is also well below the average $338 per billable hour for IP Private Firm Associate Attorneys with 6 years of experience pursuant to the 2021 AIPLA Report, p. I-49.  Ms. Brule's time was billed at $225-250 per hour and Mr. Goldsmith's time was billed at $180 per hour.  These rates are also well below the average $375 per billable hour for IP Private Firm Associate Attorneys with less than 5 years of experience pursuant to the 2021 AIPLA Report, p. I-49.  A copy of the relevant pages from the 2021 AIPLA Report are attached hereto as **Exhibit "A"**.  *Yurman Designs, Inc. v. PAJ, Inc.*, 125 F.Supp.2d 54, 56 (S.D.N.Y. 2000), aff'd sub nom 29 F.App'x 46 (2d Cir. 2002) (using AIPLA rates to determine reasonable attorney's fees in intellectual property cases).  As the attorney's rates are below the average, I believe the aforementioned hourly rates are reasonable.

5.  To assist us with local practice before this Court, Defendants retained the law firm of Farnan LLP of 919 N. Market Street, 12th Floor, Wilmington, Delaware 19801 to serve as local counsel for our firm. During the course of this action, our firm used attorneys Brian E. Farnan ($850 per hour) and Michael J. Farnan ($775 per hour), and paralegal Tracie Truman ($290 per hour) for various matters requiring local counsel input, guidance and interaction with the Court.

## II.   Pre-Litigation Activity Between Plaintiff and Defendants

6.  Prior to the filing of the Complaint in this action, Plaintiff sent Defendant Nextremity Solutions, Inc. ("Nextremity") a cease-and-desist letter dated November 23, 2021 asserting infringement of claim 59 of the '589 Patent. A true and accurate copy of this letter is attached hereto as **Exhibit "B"**.

7.  On January 7, 2022, Victor Cardona, Esq., of our firm and on behalf of Nextremity, sent a response letter to Plaintiff's counsel. A true and accurate copy of this letter is attached hereto as **Exhibit "C"**. As noted in this letter, Mr. Cardona specifically identified, among others, U.S. Patent Nos. 4,622,959 ("Marcus") and 6,579,293 ("Chandran") that invalidated claim 59 of the '589 Patent. This letter also made it clear that Nextremity would initiate an *inter partes* review challenging the validity of claim 59 of the '589 Patent, if necessary.

8.  One of our firm's other clients was also accused by Plaintiff of infringing claim 59 of the '589 Patent back in 2018. In response, I sent a letter to Plaintiff's counsel identifying both Marcus and Chandran as prior art that invalidated claim 59 of the '589 Patent. This letter also made it clear that we would initiate an *inter partes* review challenging the validity of claim

59 of the '589 Patent, if necessary. A true and accurate copy of this letter is attached hereto as **Exhibit "E"**.

### III.  IPR Proceeding Initiated to Invalidate Claim 59

9. On April 5, 2022, within six weeks after the filing of this action, Defendants filed a Petition for *Inter Partes* Review of claim 59 of the '589 Patent ("IPR Petition") with the Patent Trial and Appeal Board ("Board") at the United States Patent and Trademark Office ("IPR Proceeding"). A true and accurate copy of the IPR Petition is attached hereto as **Exhibit "F"**. In the IPR Petition, Defendants relied on both Marcus and Chandran to render claim 59 invalid by anticipation.[1]

10. All of the work our firm and Defendants' expert witness, Mr. Mike Sherman, did in preparing and defending the IPR Petition was work that would have been conducted during this action in support of, for example, Defendants' affirmative defense and counterclaim of invalidity of claim 59, if the IPR Proceeding was not filed. Defendants decided to file the IPR Proceeding to save the time and cost of the Court and the parties involved since the cost of an IPR is much cheaper than the cost and burden of a district court litigation. For example, the average cost of an IPR Proceeding through a PTAB hearing is $385,000 (see **Exhibit "A"**, 2021 AIPLA Report, P. I-188), while the average cost of a district court litigation is $771,000 (see **Exhibit "A"**, 2021 AIPLA Report, P. I-144).

11. Based on the stipulation to stay this case, it was the parties' intention to substitute IPR Proceeding for the affirmative defense and counterclaim of invalidity of claim 59 of the '589 Patent asserted in this litigation. In fact, the Stipulation to Stay agreed to by all parties

---

[1] Defendants also relied upon a third prior art patent, U.S. Patent No. 4,827,917 to Brumfield ("Brumfield"), as also invalidating claim 59 of the '589 Patent. Defendants asserted that Marcus, Chandran and Brumfield, by themselves, invalidated claim 59. In other words, each of these prior art patents invalidated claim 59 on their own.

specifically stated that "[t]he pending IPR is likely to simplify the issued in this case by determining the validity of the lone patent claim asserted in this proceeding. D.I. 30, ¶6.

12. Plaintiff never submitted a preliminary response to the IPR Petition. On August 16, 2022, the Board issued a Decision Granting Institution of *Inter Partes* Review finding that Defendants met their "institution burden and demonstrated to a reasonable likelihood that it will prevail in showing that claim 59 was anticipated by" both Marcus and Chandran. A true and accurate copy of this Decision is attached hereto as **Exhibit "G"**.

13. In response to the Decision Granting the Institution of Inter Partes Review by the Board, Plaintiff failed to submit any substantive arguments to support the validity of claim 59 in view of either Marcus or Chandran. A true and accurate copy of Plaintiff's response to the IPR Petition is attached hereto as **Exhibit "H"**.

14. During the IPR Proceeding, Plaintiff attempted twice to amend claim 59. The first attempt to amend claim 59 was not received favorably by the Board. In response to its first amendment, the Board issued negative preliminary guidance based on Defendants opposition relying on, among other things, Marcus and Chandran. A true and accurate copy of the Board's preliminary guidance is attached hereto as **Exhibit "I"**. The second attempt to amend claim 59 was also vigorously opposed by Defendants based on, among other things, Marcus and Chandran, and ultimately determined by the Board to be unpatentable based on, among other things, Marcus and Chandran. See **Exhibit J**, pp. 60-62.

15. The Board issued its Final Written Decision on July 26, 2023. A true and accurate copy of this letter is attached hereto as **Exhibit "J"**. In this Final Written Decision, the Board recognized that Plaintiff did not provide any "specific arguments challenging [Defendants']

position regarding the patentability of the challenged claim" in view of both Marcus and Chandran.  See **Exhibit I**, p. 26, 32.

16. As a result of Defendants' IPR Petition and the failure of Plaintiff to make any substantive argument that claim 59 was not invalid, the Board found that claim 59 of the '589 Patent was invalid as being anticipated by both Marcus and Chandran.  **Exhibit I**, p. 26-32, 32-37.  Specifically, the Board determined that each and every claim element of claim 59 was explicitly found in both Marcus and Chandran.  Id.

17. The time for Plaintiff to appeal the Final Written Decision to the U.S. Court of Appeals for the Federal Circuit was September 27, 2023.  35 U.S.C. §142; 37 C.F.R. §90.3(a)(1).  Plaintiff did not timely submit a Notice of Appeal.  Therefore, claim 59 of the '589 Patent is invalid as being anticipated by both Marcus and Chandran.

**IV.    Settlement Discussions**

18. After filing the Complaint in this action, Plaintiff's counsel approached me with a settlement proposal.  The offer from Plaintiff to settle this case required a payment by Defendants of a half a million dollars ($500,000) and an on-going royalty of four percent.  Defendants considered this settlement amount to be extortion based on a frivolous patent infringement claim asserted in the cease-and-desist letter and filed Complaint.  During this period discussing settlement, I made it clear to Plaintiff's counsel that we intended to file an IPR on claim 59 as indicated in our response to the cease and desist letter.

19. Plaintiff's settlement offer did not decrease even after the IPR Petition was filed or after the preliminary guidance provided by the Board in response to Plaintiff's first motion to amend.  In fact, Plaintiff, through counsel, increased its offer after filing its second motion to amend claim 59 during the IPR Proceeding to a half a million dollars and an on-going royalty of

six percent (up 2% from its previous offer).  Again, Defendants considered this increased offer to be extortion and harassment given the strength of their invalidity position against claim 59 and the amended claims.

V.      **Attorneys' Fees Incurred Prior to Initiation of Litigation**

20.     My firm was initially contacted by Defendant Nextremity shortly after receipt of the cease-and-desist letter dated November 23, 2021 from Plaintiff's counsel regarding Plaintiff's claim that Nextremity was purportedly infringing claim 59 of the '589 Patent.  At that time, my firm investigated the '589 Patent and asserted claim 59, reviewed the accused product, and drafted the January 7, 2022 response letter to Plaintiff's counsel (see Exhibit "C").  From the initial communications with Nextremity to the commencement of this action, namely prior to the filing of the Complaint on March 4, 2022, Defendants incurred a total of $6,678 in attorneys' fees.

21.     True and accurate copies of my firm's invoices to Nextremity for work on this matter showing attorneys' fees incurred between November 23, 2021 and just prior to March 4, 2022 are attached hereto as **Exhibit "K"**.  In **Exhibit "K"**, there are three sections labeled **K1-K3**.  Each of the sections **K1-K3** includes the invoice billed to the client and the "pre-bill" supporting that invoice right behind the invoice.  The "pre-bill" is a document which is reviewed by one of our firm's billing partners prior to sending out a monthly invoice. The pre-bill includes the specific time entries, for each item of work performed and a description of that work, and the initials of the specific attorney who performed such work. Portions of the invoices and prebills may be redacted (designated by the "REDACTED" stamp), which reference time entries that are not relevant to this action and, thus, not included in the requested amount.  The pre-bill includes the time spent (billable hours) and attorney (VAC = Victor Cardona) that performed the work for

each time entry, and may include some adjustments, corrections or reductions handwritten on the bill. The chart below shows a breakdown of the attorneys' fees from each of the invoices paid by Defendants:

| Section of Exhibit K | Invoice Number | Attorney Fees |
|---|---|---|
| K1 | 343209 | $1,890.00 |
| K2 | 344453 | $1,596.00 |
| K3 | 345708 | $3,192.00 |
|  | TOTAL | **$6,678** |

**VI.     Attorneys' Fees Incurred Prior to Initiation of Litigation**

22.     From March 4, 2022, the date the Complaint was filed, until this action was stayed on September 7, 2022, and from after the issuance of the Final Written Decision on July 26, 2023 until present day, Defendants incurred a total of $43,891 in attorneys' fees and $49.70 in expenses from our firm and local counsel, Farnan, LLP.

    **A.     Attorneys' Fees and Expenses of Heslin Rothenberg Farley & Mesiti P.C.**

23.     True and accurate copies of my firm's invoices to Defendants for work on this litigation showing attorneys' fees and costs incurred by our firm from March 4, 2022, the date the Complaint was filed, until this action was stayed on September 7, 2022, and from after the issuance of the Final Written Decision on July 26, 2023 until present day are attached hereto as **Exhibit "L"**. In **Exhibit "L"**, there are ten sections labeled **L1-L10**. Each of these sections includes the invoice billed to the client and the supporting pre-bill supporting that invoice right behind the invoice. The pre-bill includes the time spent (billable hours) and attorney (VAC = Victor Cardona; BH = Brett Hutton; TLS = Thomas Sica; NM = Nicholas Mesiti) that performed

the work for each time entry. Some of the prebills may include some adjustments, corrections, reductions or other notations handwritten on the bill. The chart below shows a breakdown of the attorneys' fees from each of the invoiced bills paid by Defendants:

| Section of Exhibit L | Invoice Number | Attorney Fees | Expenses |
|---|---|---|---|
| L1 | 346114 | $210.00 | $0 |
| L2 | 346113 | $1,058.00 | $0 |
| L3 | 348229 | $5,136.00 | $0 |
| L4 | 348925 | $5,208.00 | $49.70 (charge for Express Mail) |
| L5 | 350286 | $2,502.00 | $0 |
| L6 | 352689 | $9,936.00 | $0 |
| L7 | 353698 | $5,874.50 | $0 |
| L8 | 356460 | $1,534.50 | $0 |
| L9 | 370665 | $580 | $0 |
| L10 | 639352 | $11,852.00 | $0 |
|  | TOTAL | **$43,891** | **$49.70** |

B. **Attorneys' Fees and Expenses From Local Counsel, Farnan, LLP**

24. From March 4, 2022, the date the Complaint was filed, until this action was stayed on September 7, 2022, and from after the issuance of the Final Written Decision on July 26, 2023 until present day, Defendants also incurred additional attorneys' fees from our local counsel firm, Farnan LLP, in the amount of $8,682 and $50 in expenses.

25. True and accurate copies of six invoices from Farnan LLP to Defendants for work on this matter by Farnan LLP showing costs and attorneys' fees incurred from March 4, 2022, the

date the Complaint w-as filed, until this action was stayed on September 7, 2022 and from after the issuance of the Final Written Decision on July 26, 2023 until present day are attached hereto as **Exhibit "M"**. In **Exhibit "M"**, there are eight sections labeled **M1-M6**. Each of these sections includes the invoice billed to the client from Farnan, LLP and includes the time spent (billable hours) and attorney (BEF = Brian Farnan; MJF = Michael Farnan; TMF = Tracie Truman, paralegl) that performed the work for each time entry. The chart below shows a breakdown of the attorneys' fees from each of the invoiced bills paid by Defendants:

| **Section of Exhibit M** | **Invoice Number** | **Attorney Fees** | **Expenses** |
|---|---|---|---|
| M1 | 23289 | $1,100.50 | $50 (charge for pro hac vice filing fee) |
| M2 | 23417 | $1,335.50 | $0 |
| M3 | 23583 | $875.00 | $0 |
| M4 | 23721 | $975.00 | $0 |
| M5 | 23874 | $2,814.00 | $0 |
| M6 | 24000 | $1,582.00 | $0 |
| | TOTAL | **$8,682.00** | **$50** |

**VII. Attorneys Fees and Expenses Incurred During IPR Proceeding**

26. For the IPR Proceeding from March 1, 2022 until the issuance of the Final Written Decision on July 26, 2023, Defendants incurred a total cost of $343,660.86, which included $221,198.00 in attorneys' fees and $122,462.86 in expenses, including governmental filing and IPR initiation fees, expert witness fees, and deposition related expenses (e.g. cost of transcript, travel, lodging). This total cost for the IPR Proceeding is well below the average cost

for an IPR Proceeding through PTAB hearing of $385,000 (see **Exhibit "A"**, 2021 AIPLA Report, P. I-188).

### A.   Attorneys' Fees and Expenses of Heslin Rothenberg Farley & Mesiti P.

27.   True and accurate copies from our firm from March 1, 2022 until the issuance of the Final Written Decision on July 26, 2023 showing our firm's attorneys' fees and costs in connection with the IPR Proceeding are attached hereto as **Exhibit "O"**.  In **Exhibit "O"**, there are thirteen sections labeled **O1-O13**.  Each of these sections includes the invoice billed to the client followed by the pre-bill supporting that invoice.  The pre-bill includes the time spent (billable hours) and attorney (BH = Brett Hutton; NM = Nicholas Mesiti; TLS = Thomas Sica; JMG = Jake Goldsmith; KEZ = Kristain Ziegler) that performed the work for each time entry.  The chart below shows a breakdown of the attorneys' fees and expenses (with an explanation of the specific expense from the prebills) from each of the invoiced bills paid by Defendants for the IPR Proceeding

| Section of Exhibit O | Invoice Number | Attorney Fees | Expenses |
|---|---|---|---|
| O1 | 347160 | $0 | $41,500.00 (IPR Request and Initiation Fees) |
| O2 | 348230 | $32,526.50 | $0 |
| O3 | 353699 | $594.00 | $0 |
| O4 | 356461 | $2,775.50 | $181.92 (Fed Ex and photocopy charges) |
| O5 | 357610 | $27,910.50 | $0 |
| O6 | 358876 | $18,675.50 | $0 |
| O7 | 360498 | $22,717.50 | $230.01 |

| | | | |
|---|---|---|---|
| | | | (Misc expense related to airport parking, car rental and food during deposition trip) |
| O8 | 361223 | $7,039.50 | $3,787.14 (deposition transcript charge) |
| O9 | 362462 | $25,375.00 | $3,689.04 (deposition transcript charge) |
| O10 | 364021 | $35,124.00 | $0 |
| O11 | 365201 | $48,460.00 | $2,510.95 (deposition transcript charge and misc. expense related to travel, lodging and dining during deposition trip) |
| O12 | 367849 | $1,380.00 | $1,813.80 (deposition transcript charge) |
| O13 | 369268 | $2,290.00 | $0 |
| | TOTAL | $221,198.00 | $53,712.86 |

B.   **Expert Witness Fees and Expenses**

28.   From March 1, 2022 until the issuance of the Final Written Decision on July 26, 2023, Defendants incurred expert witness fees and related expenses during the IPR Proceeding in the amount of $68,750.00. The related expenses incurred by Defendants from its expert included parking fees ($25 – see Exh. P, invoice #1864) for deposition and engineering services ($600– see Exh. P, invoice #1869) for the creation of engineering drawings used by Defendants in opposing Plaintiff's Section Motion to Amend Claim 59.

29.   In support of the IPR Petition and opposition to Plaintiff's two motions to amend claim 59, Defendants retained the services of an expert witness, Mike Sherman of MB Innovations, Inc. of 516 Tennessee Street, Suite 215, Memphis, TN 38103. During the IPR

Proceeding, Mr. Sherman prepared and submitted three expert reports and was deposed twice by Plaintiff's counsel. Defendants' expert, Mr. Sherman, charged $500 per hour for his time spent on the IPR Proceeding. This hourly rate was similar to the billable hour rate of Plaintiff's expert at $450/hour used during the IPR Proceeding. **Exhibit "N"**, 16:7-10. True and accurate copies from our retained expert witness from March 1, 2022 until the issuance of the Final Written Decision on July 26, 2023 supporting the expert witness costs in connection with the IPR Proceeding are attached hereto as **Exhibit "P."**

30. All of the attorney fees and expenses itemized in **Exhibits K-P** were reasonably incurred and necessary for the defense of this case, and each service was actually performed. Furthermore, none of the invoices have been disputed by any of the Defendants, and all of the invoices have been, or are in the process of being, paid in full. The billable rates charged by our firm are believed to be reasonable and customary for IP law, including in both New York, where are firm is located, and Delaware, where this action was pending.

I declare under penalty of perjury pursuant to the requirements of 28 U.S.C. §1746, that the information contained in this declaration is true and accurate to the best of my knowledge, information and belief.

Dated: November 6, 2023                                         Respectfully submitted,


                                                                /s/ Brett Hutton
                                                                Brett Hutton, Esq.