# EXHIBIT E



**heslin rothenberg farley mesiti**
ALL IP, ALL THE TIME.

**Brett M. Hutton, Esq.**
Partner
brett.hutton@hrfmlaw.com

February 7, 2018

<div style="float:left">

Jeff Rothenberg
Kevin P. Radigan
Susan E. Farley
Nick Mesiti
Philip E. Hansen *
Blanche E. Schiller
Wayne F. Reinke
David P. Miranda
Victor A. Cardona
Brett M. Hutton
John W. Boger
George S. Blasiak
Alana M. Fuierer
Kellie S. Fredericks *
Shanna K. Sanders
Erica M. Hines
Matt Hulihan
Rachel Leah Pearlman
Kathy Smith Dias
David A. Pascarella
Melvin Li *†
Teige P. Sheehan
Kristian E. Ziegler
Jacquelyn A. Graff
Hye Jin "Lucy" Song
Stephen P. Scuderi ◊
Nathan B. Davis *
Thomas L. Sica

**OF COUNSEL**
Annette I. Kahler

* Patent Agent
† HK and UK Patent Attorney
◊ Admitted in Massachusetts

</div>

<u>Via Email (mzinna@kelleydrye.com)</u>
<u>And Confirmation Via First Class Mail</u>

Michael J. Zinna, Esq.
Kelley Drye & Warren LLP
One Jefferson Road
Parsippany, New Jersey 07054

    Re:    U.S. Patent No. 8,303,589
             Our file no.: 3645.019

Dear Mr. Zinna:

    We represent Paragon 28, Inc. of Englewood, Colorado in intellectual property matters. We are in receipt of your letter dated January 11, 2018 to our client accusing its Phantom Intramedullary Nail System ("Phantom System") of infringing claim 59 of U.S. Patent No. 8,303,589 ("the '589 Patent").

    We left a message with your assistant on Monday, February 5, 2018 to call us about this matter. Unfortunately, we have not yet heard back from you. We were hoping for clarification of certain positions taken in the chart enclosed with your letter. For example, it is unclear to us which aspects of the "Paragon 28 Surgical Guide" that the arrows referencing the "First recess", "Second recess" and "Circumferential space between recesses" were pointing to in the blurry photograph provided on page 9. As a result, we are finding it difficult to evaluate and analyze your client's position and accusations of infringement of claim 59.

    Notwithstanding the above, however, we disagree with any contention that the Phantom System infringes claim 59 of the '589 Patent based on a comparison of claim 59 to the actual Phantom System. The actual Phantom System does not include each and every limitation recited in claim 59, including, but not limited to, a second member comprising "first and second circumferentially spaced recesses adapted for coupling to said instrument."

    It is also our opinion that claim 59 is invalid based on prior art that was not before the U.S. Patent Office during the prosecution of the '589 Patent. Based on the prosecution history of the '589 Patent, claim 59 is the combination of claims 158 and 170 presented in a Preliminary Amendment dated November 17, 2010. By the claim amendments to these claims submitted by your client in response to an Office Action during prosecution, your client conceded that all of the limitations of claim 158 were taught by the prior art of record before the U.S. Patent and Trademark Office. Although the Patent Office considered claim 170 to include allowable subject

Michael J. Zinna, Esq.
Kelley Drye & Warren LLP
February 7, 2018
Page 2 of 2

matter, it did not have the most relevant prior art, including, for example, U.S. Patent Nos. 4,622,959, 5,779,705, 6,579,293 and 8,353,910, before it during prosecution. Each of these patents disclose all of the limitations recited in claim 59, including a "second member comprising first and second circumferentially spaced recesses adapted for coupling to said instrument."

Accordingly, your client's contention of infringement is without merit. Please understand that our client takes accusations of patent infringement very seriously. Based on, at least, the positions set forth above, our client will vigorously defend against any contention that the Phantom System infringes any claim, including claim 59, of the '589 Patent and will, if necessary, initiate an inter partes review challenging the validity of the '589 Patent.

Therefore, we consider this matter closed.

*This letter does not purport to set forth a complete statement of all relevant facts, laws, defenses or remedies. Further, nothing herein is intended to waive any right, remedy or lawful course of action of our client, all of which we hereby expressly reserve.*

Very truly yours,

HESLIN ROTHENBERG FARLEY & MESITI P.C.

Brett M. Hutton