# EXHIBIT H

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

NEXTREMITY SOLUTIONS, INC.,
ZIMMER BIOMET HOLDINGS, INC., and ZIMMER INC.,
Petitioner,

v.

EXTREMITY MEDICAL, LLC,
Patent Owner.

_____

Case IPR2022-00802
U.S. Patent No. 8,303,589 B2

_____

**PATENT OWNER'S RESPONSE TO PETITION FOR
*INTER PARTES* REVIEW OF U.S. PATENT NO. 8,303,589**

# **Table of Contents**

Page

I.      Introduction .................................................................................................1

II.     Claim 59 and Prosecution of the '589 Patent ......................................3

        A.      Claim 59 .....................................................................................3

        B.      Prosecution of the Application That Led to the '589 Patent ..................3

III.    Petitioner Has Not Met Its Burden to Show that Claim 59 is
        Unpatentable ...........................................................................................4

IV.     Conclusion ...............................................................................................7

## Table of Authorities

**Page(s)**

**Cases**

*3M Co. v. Evergreen Adhesives, Inc.*,
  860 F. App'x 724 (Fed. Cir. 2021) ..........................................................................7

*Henny Penny Corp. v. Frymaster LLC*,
  938 F.3d 1324 (Fed. Cir. 2019)...............................................................................4

**Statutes**

35 U.S.C. § 312(a)(3) ...............................................................................................2, 4, 5

**Other Authorities**

37 C.F.R. § 42.23(a)..................................................................................................1

37 C.F.R. § 42.120 ...................................................................................................1

37 C.F.R § 42.6(a)(3) ...............................................................................................2, 6

**List of Exhibits**

| Exhibit No. | Exhibit Description |
|---|---|
| 2001 | Declaration of Troy D. Drewry |
| 2002 | Curriculum Vitae of Troy D. Drewry |
| 2003 | Prosecution History of U.S. Patent No. 8,303,589 |
| 2004 | U.S. Provisional Patent Application No. 61/132,932 |

## I.    Introduction

Pursuant to 37 C.F.R. § 42.120, Patent Owner Extremity Medical, LLC ("Extremity Medical" or "Patent Owner") submits this Response to the Petition filed by Nextremity Solutions, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Inc. ("Petitioner") for *Inter Partes* Review of Claim 59 of U.S. Patent No. 8,303,589 ("the '589 Patent").[1]  This Response is timely filed according to the Scheduling Order.  *See* Paper 11.[2]

The Petition makes a number of allegations concerning how a person of ordinary skill in the art would understand the meaning of Claim 59 and the prior art.  As noted in the Institution Decision issued by the Patent Trial and Appeal Board ("Board") on August 16, 2022, "the Petition does not address the definition of a person of ordinary skill in the art ("POSA" or "POSITA") at the time of the invention. . . ."  Paper 10 at 7.  Accordingly, the Petition fails to identify "with particularity . . . the grounds on which the challenge to each claim is based, and the

---

[1] Petitioner did not submit statements of material facts in the Petition, and thus no response is due pursuant to 37 C.F.R. § 42.23(a) and no facts are admitted.

[2] Unless otherwise indicated, citation to a "Paper" refers to the Paper Number assigned in Case IPR2022-00802 by the Patent Office Patent Review Processing System.

evidence that supports the grounds for the challenge to each claim. . . ." as required by 35 U.S.C. § 312(a)(3).

Although a portion of Petitioner's expert declaration proffers a definition of a POSITA, the Petition does not cite to that portion of the declaration. But even if the Petitioner did cite to its expert's definition of a POSITA, the rules governing IPR proceedings preclude Petitioner from incorporating by reference into the Petition arguments from other documents. *See* 37 C.F.R. § 42.6(a)(3) ("[a]rguments must not be incorporated by reference from one document into another document."). Petitioner's arguments concerning how a POSITA would understand the terms of the claim, which underlie Petitioner's grounds for unpatentability, are therefore unsupported by any arguments or properly cited evidence.

For at least that reason, Petitioner has failed to meet its burden to show by a preponderance of the evidence that Claim 59 is unpatentable. Accordingly, Patent Owner respectfully requests that the Board issue a final written decision in favor of Patent Owner finding that Petitioner has not shown that Claim 59 of the '589 Patent is unpatentable.

## II.    Claim 59 and Prosecution of the '589 Patent

### A.    Claim 59

As noted in the Institution Decision, "only independent claim 59 is challenged here."  Paper 10 at 5.  Claim 59 is copied below:

> 59. A fixation system for compressing bone, comprising:
>
>   a first screw member comprising a head portion and a first shaft extending along a first longitudinal axis;
>
>   a second member comprising a second shaft extending along a second longitudinal axis and a bore extending through said second shaft along a bore axis; and
>
>   an instrument adapted for coupling said first screw member to said second member;
>
>   wherein said second longitudinal axis and said bore axis define an angle,
>
>   wherein said first screw member is adapted for coupling to said second member at said angle,
>
>   wherein each of said first screw member and said second member is adapted for residing substantially within at least one bone, and
>
>   wherein said second member comprises first and second circumferentially spaced recesses adapted for coupling to said instrument.

Ex. 1001 ('589 Patent) at 12:29-47.

### B.    Prosecution of the Application That Led to the '589 Patent

During prosecution of the application that led to the '589 Patent, in the first substantive Office Action, the Examiner rejected Claim 158 in view of U.S. Patent

3

Publication No. 2009/0240252 ("Chang," Exhibit 1006) but identified Claim 170, which became issued Claim 59 and which depended from Claim 158, as allowable if rewritten in independent form. *See* Ex. 1005 at 70-71, 80. In response to the Office Action, to advance prosecution, Patent Owner amended Claim 170 to include the limitations of Claim 158. *See id.* at 50, 58.

According to Petitioner, "based on the amendment to the claims and lack of arguments in [the above-referenced] response, [Patent Owner] conceded that the invention recited in claim 59 (or amended independent claim 170) is disclosed in Chang with the exception of the features in dependent claim 170, namely, 'first and second circumferentially spaced recesses' in the second member for coupling to the instrument." Paper 1 (Petition) at 11; *see also id.* at 12-14, 38-39. However, Patent Owner actually made no such concession. In fact, in the same response, Patent Owner expressly stated that "the originally filed claims are patentable and reserve[d] the right to pursue the originally filed claims . . . at a later time. . . ." Exhibit 1005 at 59. Accordingly, Patent Owner made no admission that the claim limitations recited in Claim 158 of the application that led to the '589 Patent were disclosed in Chang.

## III. Petitioner Has Not Met Its Burden to Show that Claim 59 is Unpatentable

An IPR Petition must "identif[y] in writing and with particularity, each claim challenged, the grounds on which the challenge to each claim is based, and

4

the evidence that supports the grounds for the challenge to each claim. . . ." 35

U.S.C. § 312(a)(3); *see also Henny Penny Corp. v. Frymaster LLC*, 938 F.3d 1324,

1330 (Fed. Cir. 2019) ("Because of the expedited nature of IPR proceedings, '[i]t

is of the utmost importance that petitioners in the IPR proceedings adhere to the

requirement that the initial petition identify "with particularity" the "evidence that

supports the grounds for the challenge to each claim."'") (citations omitted). The

Petition here fails to comply with 35 U.S.C. § 312(a)(3) because it argues that

certain claim terms should be construed as they would be understood by a person

of ordinary skill in the art ("POSITA"), but yet does not provide a definition or

description of a POSITA in support of its argument. Accordingly, the Petition

does not provide a legal or evidentiary basis to support its claim construction

arguments.

As Petitioner notes, "[c]laim terms are given their ordinary and accustomed

meaning *as would be understood by one of ordinary skill in the art*, unless, the

inventors, as lexicographers, has set forth a special meaning for a term." Paper 1

(Petition) at 19 (emphasis added); *see also id.* at 20 ("the claim terms should be

given their ordinary and customary meaning *as understood by a person of

ordinary skill in the art*.") (emphasis added). Petitioner then asserts that four

claim terms "warrant construction based on their ordinary and customary meaning

*to a person of ordinary skill in the art* and in light of the specification and

5

prosecution history." *Id.* at 24 (emphasis added).  Specifically, Petitioner

proposes constructions for the terms, "screw member"; "bore"; "recesses" and

"coupling." *Id.* at 24-25.

For example, as viewed by a person of ordinary skill in the art, Petitioner

alleges that "[a]ny interpretation of the term 'coupling' to require permanent

fixation would be improper because, for example, the '589 Patent discusses the

recited structures being 'slidably coupled' and the fact that, for example, the

recited instrument must be removed from the second member after the surgery is

completed."  Paper 1 (Petition) at 25 (citing Ex. 1007 at ¶58).  But because

Petitioner does not define or describe a POSITA, there is no support in the Petition

for Petitioner's argument that a POSITA would have understood the claim terms as

Petitioner proposes.

The Petition cites to the declaration of Petitioner's expert, Mr. Sherman, as

support for Petitioner's claim constructions.  Although Mr. Sherman's declaration

includes a proposed definition for a POSITA (*see* Exhibit 1007 at ¶¶ 13-21), the

Petition does not cite to the portion of the declaration that includes that definition.

But even if the Petition had cited to Mr. Sherman's proposed definition of a

POSITA, that definition could not be incorporated by reference.  *See* 37 C.F.R. §

42.6(a)(3) ("[a]rguments must not be incorporated by reference from one document

into another document.").  When promulgating the rule governing incorporation by

reference, 37 C.F.R. § 42.6(a)(3), the U.S. Patent & Trademark Office ("USPTO") explained that, "the rule 'minimizes the chance that an argument would be overlooked and eliminates abuses that arise from incorporation and combination.'" *3M Co. v. Evergreen Adhesives, Inc.*, 860 F. App'x 724, 725 (Fed. Cir. 2021) (citing Rules of Practice for Trials Before the Patent Trial and Appeal Board and Judicial Review of Patent Trial and Appeal Board Decisions, 77 Fed. Reg. 48,612, 48,617 (Dep't of Commerce Aug. 14, 2012)). The USPTO further noted that, "without the rule, the Board would be forced to 'play archeologist with the record' for arguments that might have been made outside the parties' briefing." *Id.* (citation omitted).

Accordingly, the claim constructions that Petitioner proposes and which form the basis for Petitioner's grounds of alleged unpatentability are not supported in the Petition. Petitioner's alleged grounds for invalidity should therefore be rejected.

## IV.    Conclusion

For at least the foregoing reasons, Patent Owner respectfully requests that the Board confirm the patentability of Claim 59 as originally issued.

Respectfully submitted,

Dated: November 16, 2022            By:   /David G. Lindenbaum/
David G. Lindenbaum
Michael J. Zinna
KELLEY DRYE & WARREN LLP

7

One Jefferson Road
Parsippany, NJ 07054
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: dlindenbaum@kelleydrye.com
E-mail: mzinna@kelleydrye.com

*Attorneys for Patent Owner Extremity Medical, LLC*

## CERTIFICATE OF WORD COUNT

Pursuant to 37 C.F.R. §§ 42.24(a)(1)(i), (b)(2), and (d), Patent Owner certifies that this Response includes 1,847 words, as measured by Microsoft Word, exclusive of the table of contents, table of authorities, certificate of service, and certificate of word count.

## CERTIFICATE OF SERVICE

Pursuant to 37 C.F.R. 42.6(e)(1), the parties have agreed to accept service by electronic means.  I hereby certify that on November 16, 2022, I caused a copy of the foregoing document to be served via electronic mail to the following addresses:

Brett M. Hutton, Esq.        Brett.Hutton@hrfmlaw.com

Nicholas Mesiti, Esq.        Nick.Mesiti@hrfmlaw.com

By:   /David G. Lindenbaum/
        David G. Lindenbaum, Reg. No. 51,951